UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RICHARD MANUSZAK, Individually and on
behalf of all others similarly situated,                    :

       Plaintiff,  : Civil Action
            No. 10-11047-WGY

    v.       :

BENJAMIN C. ESTY, THOMAS E. FAUST, :
JR., ALLEN R. FREEDMAN, WILLIAM H.
PARK, RONALD A. PEARLMAN, HELEN :
FRAME PETERS, HEIDI L. STEIGER, LYNN
A. STOUT, RALPH F. VERNI, NORTON H. :
REAMER, EATON VANCE MANAGEMENT,
EATON VANCE CORPORATION, EATON :
VANCE LIMITED DURATION INCOME
FUND AND JOHN AND JANE DOES 1-100, :

      Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF THE
EATON VANCE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

         James R. Carroll
         Christopher A. Lisy
         SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP
         One Beacon Street
         Boston, Massachusetts 02108

         Counsel for Defendants
         Eaton Vance Management, Eaton Vance
         Corp. and Thomas E. Faust Jr.

Dated:  August 20, 2010

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................i

TABLE OF AUTHORITIES ....................................................................................ii

PRELIMINARY STATEMENT ................................................................................1

THE COMPLAINT'S ALLEGATIONS ....................................................................2

ARGUMENT ...........................................................................................................5

I.   THE COMPLAINT AS A WHOLE SHOULD
     BE DISMISSED FOR THE REASONS SET FORTH
     IN THE INDEPENDENT TRUSTEES' MOTION TO DISMISS....................6

II.  INDEPENDENTLY, COUNT II AGAINST
     EATON VANCE SHOULD BE DISMISSED BECAUSE
     THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO SUPPORT A
     CLAIM FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY ...........7

     A.   MERELY RECITING THE LEGAL ELEMENTS OF AN
          AIDING AND ABETTING A BREACH OF FIDUCIARY
          DUTY CLAIM IS INSUFFICIENT AS A MATTER OF LAW ..........................7

     B.   PLAINTIFF FAILS TO ALLEGE
          ANY FACTS THAT EATON VANCE KNEW OF
          OR ACTIVELY PARTICIPATED OR ENCOURAGED A
          BREACH OF THE INDEPENDENT TRUSTEES' FIDUCIARY DUTIES........10

III. COUNT III OF THE COMPLAINT SHOULD
     BE DISMISSED BECAUSE THE AIDING AND ABETTING A
     BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW ...........12

CONCLUSION..........................................................................................................13

**TABLE OF AUTHORITIES**

**CASES**                                                                                                    **PAGE(S)**

Arcidi v. Nat'l Ass'n of Gov't Emps., Inc.,
    447 Mass. 616, 856 N.E.2d 167 (2006) ........................................................................7, 10

Aulson v. Blanchard,
    83 F.3d 1 (1st Cir. 1996) .......................................................................................................5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................................................7, 8, 9

Curbow v. BlackRock Advisors, LLC,
    Index No. 651104/2010 (N.Y. Sup. Ct. July 27, 2010) ......................................................6

Gargano v. Liberty Intern. Underwriters, Inc.,
    575 F. Supp. 2d 300 (D. Mass. 2008), aff'd, 572 F.3d 45 (1st Cir. 2009) .........................2

Iannacchino v. Ford Motor Co.,
    451 Mass. 623, 888 N.E.2d 879 (2008) ...............................................................................9

In re Frederick's of Hollywood, Inc. S'holders Litig.,
    No. 15944, 1998 WL 398244 (Del. Ch. July 9, 1998) ......................................................11

In re Gen. Motors (Hughes) S'holder Litig.,
    No. 20269, 2005 WL 1089021 (Del. Ch. May 4, 2005),
    aff'd 897 A.2d 162 (Del. 2006)...........................................................................................11

In re NYMEX S'holder Litigation,
    Nos. 3621-VCN & 3835-VCN, 2009 WL 3206051 (Del. Ch. Sept. 30, 2009) ...................9

In re Santa Fe Pac. Corp. S'holder Litig.,
    669 A.2d 59 (Del. 1995) .......................................................................................................9

In re Segue Software, Inc. Sec. Litig.,
    106 F. Supp. 2d 161 (D. Mass. 2000)...................................................................................5

LaChapelle v. Berkshire Life Ins. Co.,
    142 F.3d 507 (1st Cir. 1998) ................................................................................................5

Malpiede v. Townson,
    780 A.2d 1075 (Del. 2001) .............................................................................................10, 11

Micromuse, Inc. v. Micromuse, PLC,
    304 F. Supp. 2d 202 (D. Mass. 2004)................................................................................12

Morales-Tanon v. Puerto Rico Elec. Power Auth.,
    524 F.3d 15 (1st Cir. 2008) ..................................................................................9

Nebenzahl v. Miller,
    No. 13206, 1996 WL 494913 (Del. Ch. Aug. 26 revised Aug. 29, 1996)........................10

N. Am. Catholic Ed. Programming Found., Inc. v. Cardinale,
    567 F.3d 8 (1st Cir. 2009) ....................................................................................12

Rotz v. Van Kampen Asset Mgmt.,
    Index No. 651060/2010 (N.Y. Sup. Ct. July 22, 2010) .......................................6

Spinner v. Nutt,
    417 Mass. 549, 631 N.E.2d 542 (1994) ...............................................................7

Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.,
    171 F.3d 912 (3d Cir. 1999)................................................................................12

**STATUTES**                                                                                                          **PAGE(S)**

Mass. Gen. Laws ch. 156D.........................................................................................6

Defendants Eaton Vance Management ("EVM"), Eaton Vance Corp. ("EVC") (together, "Eaton Vance") and Thomas E. Faust Jr. (the President and Chief Executive Officer of EVC) ("Faust") (together with Eaton Vance, the "Eaton Vance Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint ("Complaint" or "Compl.").

## PRELIMINARY STATEMENT

This case purports to be a class action brought on behalf of common shareholders of an Eaton Vance closed-end mutual fund. The motion to dismiss and accompanying memorandum filed contemporaneously by the independent trustees of the fund ("Independent Trustees"[1]) argues that the Complaint should be dismissed for two separate, independent reasons: (i) this Court lacks subject matter jurisdiction under the Class Action Fairness Act, and (ii) the action is properly brought as a derivative, not a direct, lawsuit. The Eaton Vance Defendants join in and incorporate by reference the arguments advanced in the Independent Trustees' moving papers, which, if granted, would obviate the need for the Court to address the independent grounds set forth below.

For reasons unique to Eaton Vance, Counts II and III of the Complaint should be dismissed for failure to state a claim. Those counts purport to assert claims against Eaton Vance for aiding and abetting breach of fiduciary duty and for unjust enrichment. (Compl. at ¶¶ 48-61.)

The Complaint is wholly lacking in factual allegations to support a claim of aiding and abetting a breach of fiduciary duty. Plaintiff alleges no facts from which it could possibly be inferred that Eaton Vance had the requisite "knowledge of" or "actively participated

---

[1]  Counsel for the Independent Trustees also represents Defendant Eaton Vance Limited Duration Income Fund ("the Fund"). For ease of discussion, and for purposes of this motion, "Independent Trustees" includes the Fund.

in" a knowing breach of fiduciary duty by the Independent Trustees.  Instead, the Complaint

merely and solely recites the elements of an aiding and abetting cause of action.  That is

insufficient as a matter of law.  And, because the claim for aiding and abetting fails, the claim for

unjust enrichment -- which is premised on the underlying aiding and abetting claim -- fails as

well.

**THE COMPLAINT'S ALLEGATIONS**[2]

**The Parties And Plaintiff's Causes Of Action**

Plaintiff Richard Manuszak is a purported common shareholder of the Fund.

(Compl. at ¶¶ 5, 35.)  He purports to represent a class of similarly-situated persons who owned

common shares of the Fund from March 10, 2008 through the present.  (Id. at ¶ 35.)

The Fund, a defendant, is a Massachusetts business trust.  (Id. at ¶ 7; see also

Prospectus for Eaton Vance Limited Duration Income Fund ("Prospectus") (attached hereto as

Exhibit A).)

Defendant EVM is a Massachusetts business trust and the Fund's investment

adviser (Compl. at ¶¶ 7, 18), and is a wholly-owned subsidiary of defendant EVC.  (Prospectus

at 3.)  Eaton Vance and its affiliates and predecessor companies have been managing assets of

individuals, institutions and investment funds for nearly 80 years.  (Prospectus at 20, 26.)

---

[2]   This section summarizes the Complaint's allegations, supplemented by the Fund's Prospectus
and an SEC application filed by Eaton Vance, both of which are publicly-filed documents
that Plaintiff references and quotes in, and thereby incorporates into, the Complaint.  (See,
e.g., Compl. at ¶¶ 16, 28.)  The Court may review those documents on this motion.  See
Gargano v. Liberty Intern. Underwriters, Inc., 575 F. Supp. 2d 300, 302 n.3 (D. Mass. 2008)
(Young, J.) (considering a document outside the complaint when it was referenced in the
complaint and was a public document whose authenticity was not questioned), aff'd, 572
F.3d 45 (1st Cir. 2009).

While the Court should accept the well-pleaded allegations of the Complaint as true for
purposes of this motion only, the Eaton Vance Defendants do not concede their accuracy.

Defendant Faust is a Trustee of the Fund (Compl. at ¶ 6) and the President and Chief Executive Officer of EVC.

The Complaint also names nine other individuals as defendants, each of whom is a Trustee of the Fund.[3]  (Id.)

The Complaint asserts three causes of action:  Count I, for breach of fiduciary duty, is asserted against the individually-named defendants.  (Id. at ¶¶ 41-47.)  Count II, for aiding and abetting a breach of fiduciary duty, is asserted against Eaton Vance and the Fund.  (Id. at ¶¶ 48-53.)  Similarly, Count III, for unjust enrichment, is asserted against Eaton Vance and the Fund.  (Id. at ¶¶ 54-61.)

### The Fund, The ARPS Market And The Challenged Redemptions

The Fund is a closed-end investment company that has the primary investment objective of providing a high level of after-tax total return.  (Id. at ¶¶ 1, 13-14.)  Closed-end funds differ from open-end mutual funds in that closed-end funds generally list their shares for trading on a securities exchange and do not redeem their shares at the option of the shareholder. By comparison, open-end funds issue securities that are redeemable at net asset value at the option of the shareholder and typically engage in a continuous offering and redemption of their shares. (Prospectus at 4.)

The Fund issued common stock, as well as "auction rate" preferred stock ("ARPS").  (Compl. at ¶ 2.)  ARPS were issued for purposes of investment leverage to augment the amount of capital available to pursue the Fund's investment objective.  (See In re Eaton Vance Floating-Rate Income Trust, et al., Application For An Order Pursuant To Section 6(c) Of

---

3   On August 4, 2010, Plaintiff filed a notice of voluntary dismissal dismissing one of the individually-named defendants, Helen Frame Peters.  (See Docket No. 9.)

The Investment Company Act Of 1940 For An Exemption From The Provisions Of Section 18(a)(1)(A), June 10, 2008 (attached hereto as Exhibit B) ("Application"), at 3.)

The ARPS bore a preferred dividend right, with the dividend rate resetting periodically through an open-market auction mechanism that was run by independent third parties. (Compl. at ¶¶ 2, 16.)  Auctions were typically held every 7, 28 or 35 days, with interest paid at the end of each auction period.  (Id. at ¶ 25.)  In the event of an auction failure, the terms governing the ARPS contemplate that the interest or dividend rate would be set by formula.  (Id. at ¶¶ 15, 16.)  In certain circumstances, it was understood that the set dividend rate could exceed the Fund's return on the investment of proceeds from the ARPS, resulting in a lower rate of return to the holders of common stock.  (Prospectus at 32.)

Beginning in February 2008 -- a time of roiling financial markets -- the auctions for ARPS failed due to an imbalance between buy and sell orders.  (Id. at ¶¶ 16, 26; Application at 4.)  The auctions continued to fail through 2008-09, and to date liquidity has not returned to the auction rate securities marketplace.  (Compl. at ¶¶ 16, 26.)

The ongoing failure of the auction market created significant hardships for affected parties, including, among other things, an unexpected loss of liquidity for holders of ARPS.  (Application at 4-5.)  In an attempt to restore liquidity and to provide alternative sources of leverage for the Fund, all outstanding ARPS in the Fund were redeemed in April 2008 at the issue price of $25,000 per share.  (Compl. at ¶ 29; Application at 5-6.)  The ARPS were replaced with newly-arranged debt financing.  (Compl. at ¶¶ 29, 33.)

**Plaintiff's Claims**

Plaintiff alleges that the ARPS provided a valuable financing option for the Fund, that the failure of the auctions did not trigger any redemption obligation or otherwise create a

valid business reason for the fund to redeem the ARPS, and that the redemptions were paid for using less-advantageous debt financing. (Id. at ¶¶ 16, 29, 33.) Based on those allegations, Plaintiff alleges that the fund trustees breached their fiduciary duties to the Fund's common shareholders by authorizing redemption of the ARPS. (Id., Count I.) While damages, if any, would inure to the benefit of the Fund and not to any individual stockholder (the Eaton Vance Defendants deny that any damages are appropriate), Plaintiff failed to make a demand on the Fund's Board of Trustees, and failed to pursue this action derivatively as required.

Plaintiff also alleges that Eaton Vance aided and abetted the breach of fiduciary duty and was unjustly enriched as a result. (Id., Counts II-III.) However, Eaton Vance and the Court are left to guess about Plaintiff's understanding of how this occurred -- the Complaint is devoid of any factual allegations from which the requisite "knowledge of" or "active participation" in aiding and abetting a breach of fiduciary duty could be inferred.

For the following reasons, these claims, and Plaintiff's Complaint as a whole, should be dismissed.

## ARGUMENT

In considering a motion to dismiss, although the Court should accept as true all factual statements alleged in the Complaint and draw any reasonable inferences in Plaintiff's favor, the bald assertions, unsubstantiated conclusions and unsupported characterizations set forth in the Complaint should be disregarded. See, e.g, LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (affirming dismissal); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (affirming dismissal); In re Segue Software, Inc. Sec. Litig., 106 F. Supp. 2d 161, 165 (D. Mass. 2000) (dismissing complaint).

**I.    THE COMPLAINT AS A WHOLE SHOULD BE
DISMISSED FOR THE REASONS SET FORTH IN
THE INDEPENDENT TRUSTEES' MOTION TO DISMISS**

As set forth more fully in the Independent Trustees' moving papers in support of

their Motion to Dismiss, subject matter jurisdiction is lacking under the Class Action Fairness

Act of 2005; also, the Complaint is brought as a direct shareholder action, but the nature of the

claims are in fact derivative, and may not be brought without compliance with Section 7 of the

Massachusetts Business Corporations Act (Mass. Gen. Laws ch. 156D).[4]  For purposes of brevity

and to avoid repetition, the Eaton Vance Defendants incorporate by reference as if fully set forth

herein all of the arguments advanced in the Independent Trustees' Motion to Dismiss.  For all of

the grounds stated therein, Plaintiff's Complaint should be dismissed.

---

[4]    It is a matter of public record that shareholders of other closed-end mutual funds alleging
similar conduct relating to auction rate securities have complied with statutory pre-suit
requirements, and that such pre-suit demands have been evaluated by independent directors.
See, e.g., Rotz v. Van Kampen Asset Mgmt., Index No. 651060/2010 (N.Y. Sup. Ct. July 22,
2010); Curbow v. BlackRock Advisors, LLC, Index No. 651104/2010 (N.Y. Sup. Ct. July 27,
2010).  Indeed, shareholders of Defendant Eaton Vance Limited Duration Income Fund,
other than the Plaintiff in this case, have complied with the applicable pre-suit demand
requirement (see Mass. Gen. L. Ch. 156D, Section 7.42) and such allegations have been duly
considered by the Independent Trustees.  Eaton Vance expects that any litigation relating to
those matters will proceed in the Superior Court.  See Press Release, Eaton Vance Investment
Managers, Eaton Vance Provides Statement on Closed-End Fund Demand Letters and
Lawsuits (June 21, 2010), available at http://www.eatonvance.com/includes/load Document.
php?fn=APSLitigationPressRelease.pdf&dt=pressreleases/201006; see also Press Release,
Eaton Vance Investment Managers, Board of Trustees of Eaton Vance Closed-End Funds
Rejects Demands (Aug. 16, 2010), available at http://www.eatonvance.com/includes /load
Document. php?fn=APS Demand Letter Response Press Release August 20.pdf&dt=
pressreleases/201008.

**II.     INDEPENDENTLY, COUNT II AGAINST
        EATON VANCE SHOULD BE DISMISSED BECAUSE
        THE COMPLAINT FAILS TO ALLEGE ANY FACTS TO SUPPORT
        A CLAIM FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY**

Under Massachusetts law, a plaintiff must plead facts to support the following

elements of a claim for aiding and abetting a breach of fiduciary duty: (1) an underlying breach

of fiduciary duty; (2) that the defendant knew of the breach; and (3) that the defendant "actively

participate[d] or substantially assist[ed] in or encourage[d] the breach to the degree that he or she

could not reasonably be held to have acted in good faith."  Arcidi v. Nat'l Ass'n of Gov't

Employees, Inc., 447 Mass. 616, 623-24, 856 N.E.2d 167, 174 (2006) (affirming summary

dismissal of aiding and abetting claim because plaintiff "cannot show that [defendant] had the

requisite degree of participation in a breach of fiduciary duty"); see also Spinner v. Nutt, 417

Mass. 549, 556-57, 631 N.E.2d 542, 546 (1994) (affirming dismissal of aiding and abetting

breach of fiduciary duty claim because plaintiffs "failed to set forth sufficient allegations to

support that the defendants actively participated in a breach" of the underlying duties).

In this case, Plaintiff's aiding and abetting claim should be dismissed.  Plaintiff

merely recites the legal elements of an aiding and abetting claim but fails to allege any facts

supporting an inference that Eaton Vance had "knowledge of" or "actively participated" in an

underlying breach so that Eaton Vance could not reasonably be held to have acted in good faith.

**A.     Merely Reciting The Legal Elements Of An Aiding And Abetting A
        Breach Of Fiduciary Duty Claim Is Insufficient As A Matter Of Law**

Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) require a Complaint to contain

enough factual "heft to show that the pleader is entitled to relief."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007).  A plaintiff cannot rely upon "labels

and conclusions, and a formulaic recitation of the elements of a cause of action."  550 U.S. at

555, 127 S.Ct. at 1965.  Here, the Complaint does not purport to plead any facts supporting an

7

aiding and abetting claim.  Instead, the Complaint merely recites the <u>legal elements</u> of aiding and abetting a breach of fiduciary duty.  (<u>See</u> Compl. at ¶¶ 48-53.)  Mere recitation of the legal elements of a claim without any factual support is insufficient as a matter of law.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964-65.

In <u>Twombly</u>, plaintiffs alleged a violation of Section 1 of the Sherman Act, which prohibits a "contract, combination … or conspiracy, in restraint of trade or commerce."  15 U.S.C. § 1.  Reversing the Second Circuit Court of Appeals, the Supreme Court held that the Complaint was properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because, while the Complaint did allege the existence of a "contract, combination, or conspiracy," it did not allege <u>facts</u> sufficient to <u>support</u> that allegation.  550 U.S. 564, 127 S. Ct. at 1970.  The Court decisively rejected the proposition, sometimes stated by courts, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. 561-63, 127 S. Ct. at 1968-69.

Here, Plaintiff's allegations "supporting" its claim for aiding and abetting a breach of fiduciary duty against Eaton Vance are conclusory recitations of the legal elements and are devoid of any factual substance.  That is plainly impermissible under <u>Twombly</u>:

| | |
|---|---|
| "[T]he Eaton Vance Defendants . . . knew or reasonably should have known that the Individual Defendants were fiduciaries to the Plaintiff and the Class, and that the Individual Defendants had fiduciary duties to act in the best interests of the Plaintiff and the Class." (Compl. at ¶ 49.) | *This is just a conclusion -- not a fact.* |
| "The Eaton Vance Defendants nonetheless willfully and knowingly encouraged and participated in the Individual Defendants' breaches of fiduciary duty, as set forth above." (<u>Id.</u> at ¶ 50.) | *This is just a conclusion, without specific factual support.  No factual details are "set forth above."* |

8

| | |
|---|---|
| "In particular, the Eaton Vance Defendants aided and abetted the Individual Defendants' fiduciary breaches by encouraging the Individual Defendants to engage in the conduct complained of herein."  (Id. at ¶ 51.) | *There is no explanation of what the "encouragement" was, or when it occurred.  Again, this is just a conclusion, not a fact.* |

Such conclusory allegations are insufficient as a matter of law to state a claim.

See Twombly, 550 U.S. at 555-59, 127 S.Ct at 1965-67; see also Morales-Tanon v. Puerto Rico

Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (following the Supreme Court's decision in

Twombly and recognizing that a formulaic recitation of legal elements is insufficient to state a

claim); Iannacchino v. Ford Motor Co., 451 Mass. 623, 637, 888 N.E.2d 879, 890 (2008)

(following the Supreme Court's decision in Twombly and adopting the standard set forth therein

in Massachusetts).

While Massachusetts case law on aiding and abetting claims is sparse, Delaware

courts considering these claims have found the same kinds of conclusory allegations asserted by

Plaintiff here to be insufficient as a matter of law.[5]  For example, in In re NYMEX Shareholder

Litigation, Nos. 3621-VCN & 3835-VCN, 2009 WL 3206051 (Del. Ch. Sept. 30, 2009),

shareholders of NYMEX Holdings, Inc. ("NYMEX") challenged CME Group, Inc.'s ("CME")

acquisition of NYMEX.  Id. at *1.  The shareholders alleged that the NYMEX board of directors

had breached their fiduciary duties by agreeing to sell NYMEX through an unfair process and at

---

[5]   The elements for aiding and abetting breach of fiduciary duty are similar in Massachusetts and Delaware.  In Massachusetts, a defendant must (among other things) know of and "actively participate or substantially assist in or encourage the breach," Arcidi, 447 Mass. at 623-24, 856 N.E.2d at 174, and under Delaware law, a plaintiff must plead:  "(1) the existence of a fiduciary relationship; (2) a breach of the fiduciary's duty; and (3) a knowing participation in that breach [by the defendant]."  In re Santa Fe Pac. Corp. S'holder Litig., 669 A.2d 59, 72 (Del. 1995) (affirming dismissal of aiding and abetting claim in the context of a merger transaction).

an unfair price, and alleged that CME aided and abetted that breach.  Id. at \*4.  In dismissing the

aiding and abetting claim, the court held:

> With regard to the third element -- 'knowing participation' -- conclusory allegations
> such as '[aiding and abetting defendant] had knowledge of the [fiduciary
> d]efendants' fiduciary duties and knowingly and substantially participated and
> assisted in the [fiduciary d]efendants' breaches of fiduciary duty, and, therefore,
> aided and abetted such breaches of fiduciary duties' <u>are insufficient as a matter of
> law</u>.

Id. at \*12 (brackets in original; emphasis added); <u>see also</u> <u>Nebenzahl v. Miller</u>, No. 13206, 1996

WL 494913, at \*7 (Del. Ch. Aug. 26 revised Aug. 29, 1996) (dismissing aiding and abetting

claim because plaintiffs alleged "only conclusion and conjecture" that defendant knowingly

participated in fiduciary's breach).

### B.      Plaintiff Fails To Allege Any Facts That Eaton Vance Knew Of Or Actively Participated Or Encouraged A Breach Of The Independent Trustees' Fiduciary Duties

      To sustain a claim for aiding and abetting a breach of fiduciary duty, the

Complaint would need to plead facts to support allegations that Eaton Vance both knew of the

breach and "actively participate[d] or substantially assist[ed] in or encourage[d] the breach to the

degree that [Eaton Vance] could not reasonably be held to have acted in good faith."  <u>Arcidi</u>, 447

Mass. at 623-24, 856 N.E.2d at 174.  Plaintiff has not met his burden on either element.  The

Complaint contains no facts to plausibly suggest that Eaton Vance was ever privy to information

indicating that the Independent Trustees purportedly were violating their fiduciary duties to

shareholders, or that Eaton Vance ever actively participated, substantially assisted or encouraged

a purported breach of the Independent Trustees' fiduciary duties.  <u>See</u> <u>Arcidi</u>, 447 Mass. at 623-

24, 856 N.E.2d at 174; <u>see</u> <u>also</u>, <u>Malpiede v. Townson</u>, 780 A.2d 1075, 1098 (Del. 2001)

(affirming dismissal of aiding and abetting claim on the grounds that "there is no indication in

10

the amended complaint that [defendant] participated in the board's decisions, conspired with

board, or otherwise caused the board to make the decisions at issue").

Nor can the Plaintiff allege that EVM's role as the Fund's adviser, standing alone,

supports a claim of active participation, assistance or encouragement in any purported breach of

fiduciary duty.  "Knowing participation in a board's fiduciary breach requires that the third party

act with the knowledge that the conduct advocated or assisted constitutes such a breach."

Malpeide, 780 A.2d at 1097.

In In re Gen. Motors (Hughes) S'holder Litig., No. 20269, 2005 WL 1089021

(Del. Ch. May 4, 2005), aff'd 897 A.2d 162 (Del. 2006) ("Gen. Motors"), shareholders

challenged a series of transactions through which The News Corporation Limited ("News")

acquired a significant interest in Hughes Electronics Corporation, a former wholly-owned

subsidiary of General Motors Corporation ("GM").  Id. at *1.  In an effort to plead knowing

participation in a breach of fiduciary duty, the shareholders alleged that News had participated in

the negotiations, structuring and disclosures concerning the transactions.  Id. at **26-27.  The

court rejected those allegations as insufficient to support an aiding and abetting claim, holding

that "it was clearly necessary for News to actively participate in the negotiation and structuring

of the [] transactions, as it was a party to those transactions.  But that alone does not imply

knowing participation on News' part in a breach of fiduciary duty by GM's directors."  Id. at *27.

As in Gen. Motors, there are no allegations -- nor could there be -- that Eaton

Vance inappropriately steered the decision-making process through which the Independent

Trustees approved the redemption of the ARPS, knew that it was participating in a breach of

fiduciary duty or was otherwise complicit in any purported wrongful conduct.  See In re

Frederick's of Hollywood, Inc. S'holders Litig., No. 15944, 1998 WL 398244, at *4 (Del. Ch.

11

July 9, 1998) (dismissing an aiding and abetting a breach of fiduciary duty claim and stating that

"[n]othing in the complaint suggests complicity of any kind between Knightsbridge and the

Frederick's board, let alone 'knowing participation' by Knightsbridge in a breach of fiduciary

duty by that board").  Accordingly, Count II of the Complaint against Eaton Vance Should be

dismissed.

### III.   COUNT III OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY CLAIM FAILS AS A MATTER OF LAW

Plaintiff's unjust enrichment claim is expressly premised on the alleged wrong

that Eaton Vance aided and abetted a breach of fiduciary duty:  "[t]he Eaton Vance Defendants'

unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged

herein . . . including [the Eaton Vance Defendants'] encouragement of the [Independent Trustees']

breaches of fiduciary duties owed to Plaintiff and the Class."  (Compl. at ¶ 57.)  The elements of

an unjust enrichment claim are "(1) an enrichment, (2) an impoverishment, (3) a relation between

the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a

remedy provided by law."  Micromuse, Inc. v. Micromuse, PLC, 304 F. Supp. 2d 202, 209 (D.

Mass. 2004) (internal citations omitted).  Therefore, an unjust enrichment claim -- in a case

involving a claim for breach of fiduciary duty -- requires "some wrong that makes the

enrichment culpable."  N. Am. Catholic Ed. Programming Found., Inc. v. Cardinale, 567 F.3d 8,

15 n.3 (1st Cir. 2009).  Because the Plaintiff has failed to properly allege that Eaton Vance aided

and abetted a breach of fiduciary duty, Plaintiff's unjust enrichment claim also fails as a matter of

law and should be dismissed.  See Steamfitters Local Union No. 420 Welfare Fund v. Philip

Morris, Inc., 171 F.3d 912, 936-37 (3d Cir. 1999) (affirming dismissal of unjust enrichment

claim when underlying claims were also dismissed).

12

## CONCLUSION

For all of the foregoing reasons, the Eaton Vance Defendants' motion to dismiss should be granted.

Dated: August 20, 2010
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Christopher A. Lisy (BBO #662283)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800
jcarroll@skadden.com
clisy@skadden.com

Counsel for Defendants
Eaton Vance Management, Eaton Vance
Corp. and Thomas E. Faust Jr.

---

**CERTIFICATE OF SERVICE**

I, James R. Carroll, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 20, 2010.

Dated: August 20, 2010       /s/ James R. Carroll
                             James R. Carroll

---

13